Hon. Ernest J. Cannava Assistant Town Attorney, Islip
This is in response to your letter of October 4, 1978, wherein you ask whether, under section 130, subdivision 16 (d) of the Town Law, a town ordinance can be amended to allow the Town of Islip to appoint an engineer instead of an architect to survey buildings or structures which are considered dangerous or unsafe to the public.
Town Law, § 130, subd 16 (d) provides as follows:
 "16. Unsafe buildings and collapsed structures. Providing for the removal or repair of buildings in business, industrial and residential sections that, from any cause, may now be or shall hereafter become dangerous or unsafe to the public; providing as follows:
* * *
 "d. For survey of premises in event of neglect or refusal of person served with notice to comply with same, said survey to be made by an inspector and architect to be named by town board and a practical builder, engineer or architect appointed by person notified as above and in event of refusal or neglect of person so notified to appoint such surveyor the two surveyors named shall make the survey and report. The notice shall state that in the event the building or other structure shall be reported unsafe or dangerous under such survey, that an application will be made at a special term of the supreme court in the judicial district in which the property is located for an order determining the building or other structure to be a public nuisance and directing that it shall be repaired and secured or taken down and removed * * *"
Article IX, section 2 (c) of the New York State Constitution authorizes local governments to adopt and amend laws which are not inconsistent with the provisions of the State Constitution or any general law relating to various enumerated subjects, including the power of local governments to adopt and amend local laws as implemented by Municipal Home Rule Law, § 10.
In 1976 the Legislature amended Municipal Home Rule Law, § 10, subd 1, par (d) by adding subparagraph (3) thereto. This new section provides as follows:
"d. A town:
* * *
 "(3) The amendement or supersession in its application to it, of any provision of the town law relating to the property, affairs or government of the town or to other matters in relation to which and to the extent to which it is authorized to adopt local laws by this section, notwithstanding that such provision is a general law, unless the legislature expressly shall have prohibited the adoption of such a local law. Unless authorized by other state statute this subparagraph shall not be deemed to authorize supersession of a state statute relating to (1) a special or improvement district or an improvement area, (2) creation or alternation of areas of taxation, (3) authorization or abolition of mandatory and permissive referendum or (4) town finances as provided in article eight of the town law; provided, however, that nothing set forth herein shall preclude the transfer or assignment of functions, powers and duties from one town officer or employee to another town officer or employee, and provided, however, further that the powers of local legislation and appropriation shall be exercised by the local legislative body." (Emphasis supplied.)
In Rozler v Franger, 61 A.D.2d 46 (4th Dept, 1978), the Appellate Division referred to the Legislature's amendment of section 10, subdivision 1, paragraph (d) of the Municipal Home Rule Law by the addition of subparagraph (3). The Court stated therein:
 "Thus, from the subsequent amendment of section 10 of the Municipal Home Rule Law, authorizing towns to amend or supersede the Town Law despite the existence of the limiting phrases in section 10 (subd 1, pars [i], [ii], one must conclude that the Legislature considered the phrases no impediment to amendments or supersession of the Town Law by a town under the authority being granted to towns in the new section * * *. Further evidence of this intention may be derived from the inclusion of the language in the added subclause (quoted above) specifically prohibiting a town from superseding a State statute in the four enumerated instances. Clearly, such prohibitions would have been meaningless if the Legislature had intended the general limitation against the enactment of local laws inconsistent with any general law contained in section 10 (subd 1, pars [i], [ii]) to have been applicable." (Rozler, supra, p 54.)
Although an amendment to your Town ordinance authorizing the substitution of an engineer in place of an architect to survey unsafe buildings would appear to be inconsistent with the provisions of Town Law, § 130, subd 16 (d), we feel that under Municipal Home Rule Law, § 10, subd 1, par (d), subparagraph (3) and the interpretation of that statute by the Court in the Rozler decision, a local law to amend your ordinance as described above would be valid. The action you wish to take relates to the property, affairs or government of the town. We can find no express prohibition by the Legislature against the adoption of such a local law nor do we believe that the amendment that you seek falls under the prohibitions enumerated in Municipal Home Rule Law, § 10, subd 1, par (d), subparagraph (3).
From all of the foregoing, we conclude that the Town of Islip may, by local law, amend a town ordinance enacted under Town Law, § 130, par 16 (d), to provide that the Town is authorized to appoint an engineer instead of an architect to survey unsafe buildings.